MILLER v. GRAND TRUNK WESTERN RAILWAY CO.

MASTER AND SERVANT—RAILROADS—INTERSTATE COMMERCE—WORK-
MEN'S COMPENSATION LAW—FEDERAL EMPLOYERS' LIABILITY ACT
—JURISDICTION.

Where plaintiff's husband was accidentally killed while in-
specting and repairing an air hose on a train engaged
exclusively in interstate commerce, the industrial accident
board was without jurisdiction to make an award under
the workmen's compensation act; her remedy, if any,
being under the Federal employers' liability act (35 U. S.
Stat. 65). *Carey* v. *Railway Co.*, 200 Mich. 12.

Certiorari to Industrial Accident Board. Submitted
January 11, 1918. (Docket No. 60.) Decided March
28, 1918.

Annie Miller presented her claim for compensation
against the Grand Trunk Western Railway Company
for the accidential death of her husband in defendant's
employ. From an order awarding compensation, de-
fendant brings certiorari. Reversed, and award set
aside.

*Stewart & Jacobs* (*Harrison Geer*, of counsel), for
appellant.

*Verner W. Main*, for appellee.

BIRD, J. On October 23, 1916, plaintiff's husband,
James L. Miller, was employed by defendant as a car
inspector at the city of Battle Creek, one of defend-
ant's divisional points. It is claimed that while de-
ceased was inspecting and repairing an air hose on
one of defendant's trains he was injured, and that his
death afterward resulted from such injuries. A death
award was made by the industrial accident board and
defendant has brought the proceedings to this court

with the claim that the award is without authority of
law because the Michigan industrial accident board
was without jurisdiction to entertain the case.   This
contention is based upon the claim, which does not ap-
pear to be disputed, that the train upon which the
deceased was working at the time his injuries were
received, was an interstate train and was being used
in interstate commerce, and that if plaintiff is entitled
to recover she must do so under the Federal act.   We
think the point is well taken.   The case is ruled by
*Carey* v. *Railway Co.*, 200 Mich. 12.

The award made by the industrial accident board
must be, and is hereby, vacated.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FEL-
LOWS, STONE, and KUHN, JJ., concurred.