McKENNA *v.* NEW YORK CENTRAL RAILROAD CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INTER-
STATE COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT—JURIS-
DICTION.

> Where plaintiff's son was accidentally killed while em-
> ployed as a yard conductor in charge of making up trains
> engaged in interstate commerce, the industrial accident
> board was without jurisdiction to make an award under
> the workmen's compensation act; her remedy, if any, be-
> ing under the Federal employers' liability act (35 U. S.
> Stat. 65). ·*Carey* v. *Railway Co.*, 200 Mich. 12.

Certiorari to Industrial Accident Board.   Submitted April 16, 1918.   (Docket No. 79.)   Decided June 3, 1918.

Catherine McKenna presented her claim for compensation against the New York Central Railroad Company for the accidental death of her son in defendant's employ.   From an order awarding compensation, defendant brings certiorari.   Reversed, and order vacated.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

*Angell, Bodman & Turner* and *C. G. Dyer,* for appellant.

*Cummins & Nichols,* for appellee.

STEERE, J.   On March 15, 1917, Albert McKenna was in defendant's employ as a yard conductor in the city of Lansing and lost his life while engaged in directing the making up of New York Central freight train No. 64 in its Lansing yard.   He was on duty there during the nighttime, and as yard conductor had entire charge of the switch engine and crew, directing their movements in making up this and other trains preparatory to their starting out upon their runs.   In his absence it would have been impossible to make up the train in time for it to leave as scheduled.   This train regularly carried both inter- and intra-state shipments and on that night consisted of the engine, a caboose and eight freight cars, four of which were loaded with interstate merchandise, billed and bound for points in other States.

There were no witnesses to the accident which caused deceased's death, but while the train was being made up, shortly after midnight, he was missed and soon thereafter found lying between the rails of the track upon which the train was being placed, crushed and dead with a wheel of one of the cars on his foot.

Deceased was unmarried with no dependents other than his mother, Catherine McKenna, with whom he lived and who made claim for compensation under the State workmen's compensation law.   Appropriate proceedings were had under that law resulting in an award to her by the industrial accident board of the maximum amount provided by that law in case of death resulting to an employee from accidental injury. The claim was contested by defendant on the grounds that at the time deceased met his death he was engaged in interstate commerce, to which service the State law does not apply; and that in any event the

amount claimed, and awarded, was excessive because plaintiff was not wholly dependent on deceased for support, and the permissible award was limited to her shown partial dependency under section 5, part 2, of the act (2 Comp. Laws 1915, § 5435). The industrial accident board found as a matter of fact that deceased was engaged in interstate commerce at the time of his death but held that, as the employer was not shown to have been guilty of negligence, the Federal law did not apply.

At the time the award was made by the board in this case and certiorari taken for review here the case of *Carey* v. *Railway Co.*, 200 Mich. 12, had not been handed down. It was there said to be settled conclusively by the Federal authorities cited, which are controlling upon the question, that in all American jurisdictions "employees of an interstate carrier engaged in interstate business are not within the jurisdiction of the State workmen's compensation acts." In that decision it is held, and recognized as settled by paramount Federal decisions, that the United States employers' liability statute (35 U. S. Stat. 65) covers the subject of the liability of railroads to their employees for injuries sustained while engaged in interstate commerce to the exclusion of our State workmen's compensation act. This case has since been cited as controlling and followed in *Nichols* v. *Waters*, 201 Mich. 27, and *Miller* v. *Railway Co.*, 201 Mich. 72.

That deceased's employment was in interstate commerce at the time of his fatal injury cannot be questioned, and was so found as a matter of fact by the industrial accident board.

It therefore follows from the recent decisions above referred to that the order of award by the board must be and hereby is reversed.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.